UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



OCT - 9 2019

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

United States of America,

        Plaintiff,

vs.

Gary Don Lynn Jr.,

        Defendant.

Case No. 19-cr-20084

Honorable Matthew F. Leitman

---

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

---

The United States of America, by and through its attorneys, MATTHEW

SCHNEIDER, United States Attorney for the Eastern District of Michigan, and

GJON JUNCAJ, Assistant United States Attorney, together with Defendant

GARY DON LYNN JR. ("Defendant"), individually and through his attorney,

DOUGLAS R. MULLKOFF, ESQ., hereby submit this Stipulated Preliminary

Order of Forfeiture:

    1.    An Indictment was filed on or around February 20, 2019, which charged

Defendant with Count One, Possession of Child Pornography in violation of 18

U.S.C. § 2252A(a)(5)(B) and (b)(2). (ECF No. 1).

    2.    The Indictment also sought criminal forfeiture pursuant to 18 U.S.C.

§ 2253(a), of any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or

2252, 2252A, 2252B or 2260 of this chapter, or any book, magazine, periodical,

film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from his offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of his offense or any property traceable to such property

3.     Through a First Forfeiture Bill of Particulars (ECF No. 13) filed on April 9, 2019, the United States provided notice to Defendant that the following property was subject to forfeiture to the United States, pursuant to 18 U.S.C. § 2253(a):

      a)     8 GB USB Thumb Drive, SanDisk; and

      b)     120 GB Micro SD Card, Samsung.

(hereinafter the "Subject Property").

4.     On October 9, 2019, Defendant pleaded guilty to Count One of the Indictment, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

5.     In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands forfeiture is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time his guilty plea was accepted, pursuant to

2

Federal Rule of Criminal Procedure 11(b)(1)(J).

6.      In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the property described in paragraph 3 ("Subject Property") based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledges that the Subject Property was involved in, used for, or intended to be used in his Count One offense of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253(a).

7.      In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment and expressly waives any right to have a jury determine forfeiture of his interest in the Subject Property.

8.      Therefore, based upon the First Superseding Indictment, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2253(a),  IT IS HEREBY ORDERED that any and all interest the Defendant has in the following Subject Property is FORFEITED to the United States:

        a)      8 GB USB Thumb Drive, SanDisk; and

        b)      120 GB Micro SD Card, Samsung.

Any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in the above-described Subject Property is EXTINGUISHED.

9.    Upon entry of this Stipulated Preliminary Order of Forfeiture the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

10.    Upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), and other applicable statutes, the United States shall publish on *www.forfeiture.gov*, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject

4

Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

11.     Further, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12.     Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment. If no third party files a timely claim, this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

13.     The United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law, following the Court's disposition of all third-party interests, or, if none, following

the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

14.    The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney


GJON JUNCAJ
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0209
gjon.juncaj@usdoj.gov
P-63256

Dated:  October 8, 2019


DOUGLAS R. MULLKOFF
Attorney for Defendant
402 West Liberty Street
Ann Arbor, Michigan 484103
(734) 761-8585
doug@kmhlaw.com
P-33252

Dated: October 9, 2019


GARY DON LYNN JR.
Defendant

Dated: October 7, 2019


************************************************

**IT IS SO ORDERED.**
Dated  10-9-19


HONORABLE MATTHEW F. LEITMAN
United States District Judge

6