UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 19-cr-20084
                                      Hon. Matthew F. Leitman

GARY DON LYNN JR.,

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT GARY DON LYNN, JR.'S
MOTION FOR COMPASSIONATE RELEASE (ECF No. 49)</u>**

In February of 2020, the Court sentenced Defendant Gary Don Lynn, Jr. to serve ten years in federal prison for his plea-based conviction to one count of possession of child pornography. (*See* Judgment, ECF No. 42; Am. Judgment, ECF No. 46.) Lynn possessed the child pornography while he was on parole for a conviction of third-degree criminal sexual conduct under Michigan law. The victim of that offense was a twelve year-old female.

Lynn now moves for compassionate release. (*See* Mot., ECF No. 49.) For the reasons explained below, the motion is **DENIED**.

**I**

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)

1

(quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing

2

*United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

## II

The Court proceeds directly to the Section 3553(a) factors and denies relief because those factors weigh heavily against Lynn's release. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (finding that a district court may proceed directly to the Section 3553(a) factors). The Court carefully considered those factors at sentencing when it determined that a sentence of 120 months was appropriate. And the Court paid special attention to positive aspects of Lynn's personal history and characteristics when it imposed that sentence. Based on those positive attributes and the Court's assessment of the remaining Section 3553(a) factors, the Court concluded that 120 months was the appropriate sentence even though it was forty-eight months below the bottom of Lynn's sentencing guidelines range.

The Court's original assessment of the Section 3553(a) factors at sentencing is "presume[d]" to be "an accurate assessment as to whether those factors justify a sentence reduction." *Sherwood*, 986 F.3d at 954. That "mean[s]" that Lynn "must make a compelling case as to why the [Court's] 3553(a) analysis would be different if conducted today." *Id*.

Lynn has not made that showing. The Court remains convinced that the Section 3553(a) factors weigh in favor of the 120-month sentence that the Court

originally imposed.  While some of the factors arguably support Lynn's request for release, the most important factors here do not.

The Court begins with the Section 3553(a) factors that weigh heavily against release.  The first such factor is the nature and circumstances of Lynn's offense. *See* 18 U.S.C. § 3553(a)(1).  The offense here was serious. Lynn possessed child pornography while on parole for a sex offense committed against a child.  That conduct warrants a 120-month sentence.

Second (and similarly), terminating Lynn's custodial sentence at this point would undermine the goals of providing just punishment and of having the sentence reflect the serious of the offense. *See* 18 U.S.C. § 3553(a)(2)(A).  As explained above, Lynn's conduct warrants serious punishment.  A sentence of less than that imposed by the Court would not be long enough.

Third, releasing Lynn at this point would undermine the goal of achieving deterrence. *See* 18 U.S.C. § 3553(a)(2)(B).  Before committing the offense in this case, Lynn was sentenced to serve 40-to-180 months in state prison for the sex offense mentioned above.  That did not deter him from re-offending.  Neither did being on parole.  A 120-month sentence is needed to achieve specific deterrence.

For the same reasons, releasing Lynn now would put the public at risk. *See* 18 U.S.C. § 3553(a)(2)(C).

The Court acknowledges that Lynn has a number of positive attributes, including that he has done work towards rehabilitation while in custody and that he has family support. The Court commends Lynn for those positive features. However, the Court is not persuaded that Lynn's admittedly-commendable positive attributes outweigh the Section 3553(a) factors discussed above that weigh strongly against releasing Lynn now.

### III

For the reasons explained above, Lynn's motion for compassionate release (ECF No. 49) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 11, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
